UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAWN HELLER, | ) | CASE NO. 5:14 CV0244 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| YOUR ONLINE ORDER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 31, 2014, *pro se* Plaintiff Dawn Heller filed the above-captioned civil action against Your Online Orders, Economic Development Corporation of Utah and John Doe Subsidiaries. Ms. Heller alleges the defendants refused to immediately refund credit card charges for health care products she ordered online. She seeks "$500,000.00 tort damages" and $1.5 million in punitive damages. For the reasons set forth below, the Complaint is dismissed.

*Background*

Ms. Heller placed an online order for "vitamin products" on January 13, 2014. Although the products were allegedly advertised as free, she was charged $2.95 in shipping costs before she

finalized the transaction.

Attached to the Complaint, is a confirmation emailed to Ms. Heller regarding her online order. She believes the confirmation indicates her credit card was charged for three separate transactions. A review of the attachment reveals, however, that the "three" charges are actually two charges and a sum of those charges (i.e. $2.95 and $48.00, totaling $50.95) for an "Unlimited Refill Program." (Doc. No. 1, Att. 2). The product is identified as Cambogia Garcinia and was mailed to Ms. Heller on the same date the order was placed.

When Ms. Heller received the confirmation, she telephoned the company for an immediate refund. The representative provided a "telephone quote ... in excess of $159.00 verbally." (Doc. No. 1 at 3). She also explained that Ms. Heller's request for a refund would be referred to the company's headquarters, but an immediate refund could not be provided.

On January 15, 2014, Ms. Heller sent a complaint letter to Economic Development Corporation of Utah, which she identifies as the parent company of Your Online Orders. She protested that she "was slammed for three offers at $51.95 when only one sale was legitimately transacted." (Doc. No. 1, Ex. B at 1). Moreover, Ms. Heller advised that refunds "should be made within a reasonable 30 day time limit." *Id.* Twenty-one days later, Ms. Heller filed the complaint before this Court.

Ms. Heller, a resident of Akron, Ohio, claims she was unlawfully denied a refund of her online purchase. She accuses the defendants of conspiring to steal public money, embezzlement and wire fraud. Based on these conclusory allegations, she asserts the defendants are in violation of the following statutes:

18 USC §2 (aiding and abetting),18 USC §371 or 18 USC §1956(h)

(conspiracy); 18 USC §1001 (false statements); 18 USC §1510(b)(3)(B)(i) (obstruction of 18 USC §1956 or 18 USC §1957 or Title 31 investigations); 18 USC §1621 (perjury);18 USC §1960 (illegal money transmitting business).

(Doc. No. 1 at 3). For the reasons set forth below, this action is dismissed.

## *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## *Lack of Jurisdiction*

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir.1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

Ms. Heller does not provide a jurisdictional statement in her complaint, but does allege the defendants violated several federal criminal statutes. Assuming she is attempting to assert federal

question jurisdiction, she cannot proceed.

As a threshold matter, there is no authority to allow a private citizen to institute a criminal action in a federal court; that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974). Therefore, any violation of these sections of the federal criminal code does not give rise to an independent, private cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997).

Having failed to establish the Court's federal question jurisdiction, it would appear Ms. Heller may be attempting to establish this Court's diversity jurisdiction. She alleges she is an Ohio resident and both defendants are located in the State of Utah. In her complaint for damages and declaratory judgment, Ms. Heller's demands $500,000 "tort damages" and $1.5 million in exemplary and treble damages.

In diversity cases, the general rule is that the amount claimed by a plaintiff in the complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir.1983). It is a legal certainty that Ms. Heller could not meet the jurisdictional amount of $75,000.00.

The value of the judgment, in any action that seeks a declaratory judgment, is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347(1977); *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 (6th Cir. 2009)). This doctrine applies to other types of equally intangible items, including punitive damages, if they are legally recoverable. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Although Ms. Heller asserts several different amounts that she believes she was overcharged,

4

at a maximum, she is alleges she lost $159.00. Assuming the value of the judgment is $159.00, then even treble damages would not cross the jurisdictional threshold for a diversity action. Therefore, this Court can declare, with legal certainty, that Ms. Heller's claim is for less than the amount required for diversity jurisdiction. 28 U.S.C. §1332(a).

*Conclusion*

Based on the foregoing, Ms. Heller's Motion to Proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."